IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORNA VAN, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ENCORE MEDICAL GP, INC, *et al.*, )<br>)<br>      Defendants. )<br>_____) | CIVIL ACTION NO. 5:11-CV-321 (MTT) |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Remand, Defendant Trex Orthopaedics, P.C.'s Motion to Dismiss, Defendant Encore Medical GP, LLC (incorrectly identified as Encore Medical GP, Inc.) and Encore Medical LP's Motion for Judgment on the Pleadings, Trex's Motion for Judgment on the Pleadings, and the Plaintiff's Motion to Dismiss.  (Docs. 7, 13, 20, 24, 30).  For the following reasons, the Motion to Remand is **DENIED**, the Encore Defendants' Motion for Judgment on the Pleadings is **DENIED**, and the remaining motions are **DENIED** as moot.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The procedural background of this case is convoluted.  On July 13, 2011, the Plaintiff filed this action in the State Court of Bibb County based upon the Encore Defendants' allegedly defective prosthetic knee device that was implanted into the Plaintiff's left knee in 2004 by a doctor employed by Trex, a "medical provider defendant."  The Plaintiff alleges she began feeling discomfort in her left knee in 2005.

In July 2008, the Plaintiff underwent "poly exchange"[1] surgery. According to the Complaint, the Plaintiff became aware the implant was defective in July 2009.

On August 17, 2011, the Encore Defendants removed this action based on diversity of citizenship. The Plaintiff is a citizen of Georgia. The Encore Defendants allegedly are citizens of Delaware and Texas.[2] Although Trex is a Georgia corporation, the Encore Defendants argued Trex was fraudulently joined because there was not a "count" against Trex in the Complaint, and thus there was no possibility the Plaintiff could establish a cause of action against Trex.

Liberally construed, the Complaint probably sufficiently alleged a cause of action against Trex notwithstanding the Plaintiff's failure to specifically include Trex in one of the counts. The Complaint alleged that Trex and the Encore Defendants engaged in a joint scheme "to market, sell and implant orthopedic prosthetic knee implants in Georgia citizens." (Doc. 1-1, at ¶ 6). Trex, the Plaintiff alleged, "intentionally and/or negligently concealed from Plaintiff that the medical condition she suffered from in her left knee was the result of a defect in the Encore implant." *Id.* at ¶ 12. Further, Trex "concealed the Encore implant's internal mechanical failures from Plaintiff and that the said internal mechanical failures were a result of a defect in the Encore implant." *Id.* at ¶ 13. Trex, the Plaintiff alleged, had knowledge of the implant's defects but nevertheless "continued to engage in the marketing, promotion and recruitment of patients for Encore implant

---

[1] "Poly exchange" means replacing the polyethylene tibial insert component of the Plaintiff's left knee implant.

[2] The Parties allege the Encore Defendants are organized in Delaware with their principal place of business in Texas. However, as unincorporated entities, the Encore Defendants are citizens of any state in which its partners or members are a citizen. *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, __ F.3d __, 2011 WL 6015801 (11th Cir. Dec. 5, 2011).

...

surgery." *Id.* at ¶ 18. Further, Trex "knowingly implanted a defective Encore implant into Plaintiff's left knee." *Id.* at ¶ 19. Notwithstanding its knowledge of the defective implant it had placed in the Plaintiff's knee, the Plaintiff alleged that Trex "delayed disclosure of the Encore implant's failure in Plaintiff's left knee.…" *Id.* at ¶ 21. Finally, the Plaintiff claimed that Trex's acts and omissions proximately caused injuries and damages. Based on these and other allegations, the Plaintiff asked for judgment against Trex "in an amount determined by a jury to be adequate and just." (Doc. 1-1, at 9).

Without addressing the question of whether the Plaintiff's allegations could withstand an *Iqbal/Twombly* analysis, the Plaintiff's failure to include its allegations against Trex in a "count," as it did for the Encore Defendants, does not mean that the Complaint did not allege a claim against Trex.

Nevertheless, the Plaintiff apparently agreed with the Encore Defendants and timely filed an amendment to her Complaint alleging that Trex "was negligent in selling and/or distributing a product that they knew or should have known was defective." (Doc. 6, at 1). In a subsequent brief, the Plaintiff, perhaps unnecessarily but nevertheless *in judicio,* agreed that her "initial complaint fails to state any claim for relief against Trex." (Doc. 21, at 2). However, her Amendment, she argued, "properly and sufficiently stated a claim against Trex based upon a theory of products liability." *Id.* Accordingly, the Plaintiff moved to remand because she now asserts a claim against Trex.

Trex, which apparently was served after removal, moved to dismiss because of the Plaintiff's failure to comply with Georgia's affidavit requirement for complaints

alleging professional negligence. O.C.G.A. § 9-11-9.1. The Plaintiff responded, without citing any authority, that an expert affidavit was not needed in a product liability action. No party addressed the fact that Georgia's affidavit statute, being a pleading requirement, does not apply in federal court.

The Encore Defendants then moved for judgment on the pleadings, arguing that the Plaintiff's claims were barred by Georgia's two-year statute of limitations for personal injury claims. Trex also moved for judgment on the pleadings alleging, in response to the Amendment asserting a product liability claim, that it was a provider of services and not a seller or distributor of a product.

Finally, the Plaintiff moved to dismiss Trex without prejudice because "Plaintiff feels the manufacturer of the defective device would be the more culpable party." (Doc. 31, at 2).

## II. DISCUSSION

### A. Motion to Remand

"To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, __ F.3d __, 2011 WL 6057561, at *2 (11th Cir. Dec. 7, 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings *at the time of removal*, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v.*

*AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added).  "If a defendant shows that there is no possibility the plaintiff can establish a cause of action against the resident defendant, … the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)).

Thus, the Court must determine whether the Complaint asserted a claim against Trex at the time of removal.  The Encore Defendants primarily rely upon the fact that the Complaint lacked a count against Trex to conclude there is no possibility the Plaintiff could have prevailed against Trex.  Trex argues no claim could have been asserted against it because the Plaintiff failed to attach an expert affidavit to the Complaint.

As suggested above, the Encore Defendants' argument that the Complaint fails to state a claim against Trex simply because the Plaintiff's allegations against Trex were not included in a "count," is without merit.  Nevertheless, it may well have been that the Plaintiff's claim against Trex, when pending in state court, was subject to dismissal because of the Plaintiff's failure to attach an expert affidavit.  On the other hand, given the nature of the allegations against Trex in the Complaint, it is possible that the Plaintiff could have fashioned an argument that an expert affidavit was not required.  *See, e.g.*, *Murrah v. Fender,* 282 Ga. App. 634, 639 S.E.2d 595 (2006) (holding that claims for fraud, misrepresentation, and deceit fall outside O.C.G.A. § 9-11-9.1).  In any event, once the case was removed, Georgia's affidavit requirement no longer applied.  *See, e.g.*, *Robinson v. Correctional Medical Associates, Inc.*, 2010 WL 2499994 (N.D. Ga. June 15, 2010); *Yarbrough v. Actavis Totowa, LLC*, 2010 WL 3604674, at *6-7 (S.D.

Ga. Sept. 13, 2010); *Robinson*, 2010 WL 2499994, *Baird v. Celis*, 41 F. Supp. 2d 1358 (N.D. Ga. 1999).

This presents the interesting question, which the Court fortunately does not have to answer, whether a claim subject to dismissal in state court but yet viable when removed to federal court satisfies the requirement of fraudulent joinder that there can be no possibility the plaintiff can establish a cause of action against the resident defendant. Resolution of that issue would be made all the more interesting by the Plaintiff's Amendment which disavowed the claim asserted in the Complaint and purported to state a product liability claim against Trex, a claim almost certainly without merit for the reasons stated in Trex's Motion for Judgment on the Pleadings. (Doc. 24).

The Court avoids this pleading conundrum by accepting the Plaintiff's admission that her Complaint, at the time of removal, failed to state a claim against Trex. Therefore, the Court agrees that the Plaintiff fraudulently joined Trex and the Court dismisses, without prejudice, Trex from this litigation.[3]

**B.  The Encore Defendants' Motion for Judgment on the Pleadings**

"Judgment on the pleadings under [Fed. R. Civ. P.] 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "'If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief *under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.*'" *CompuCredit*

---

[3] Typically, under Georgia law, the failure to attach an expert affidavit to a professional negligence complaint requires dismissal with prejudice. The Court offers no opinion on the effect of this dismissal in the event that the Plaintiff refiles against Trex in state court.

*Holdings Corp. v. Akanthos Capital Mgmt, LLC*, 661 F.3d 1312, 1314 (11th Cir. 2011) (quoting *Horsley*, 292 F.3d at 700) (emphasis added).

Encore contends that the Plaintiff's claims are barred as a matter of law pursuant to the applicable two-year statute of limitations. Encore argues that the Plaintiff's cause of action accrued in 2004 when its allegedly defective prosthetic device was implanted. Accordingly, her July 2011 Complaint was filed long after the statute of limitations had run.

Viewed generously, again, the Plaintiff's Complaint could be read to allege that Trex doctors fraudulently concealed from her that her implant was defective and that Trex was engaged in a joint venture or enterprise with the Encore Defendants. Under Georgia law, fraudulent concealment by one party to a joint venture or common enterprise can toll the statute of limitations of claims against other parties to the venture. *See, e.g.*, *Rossi v. Oxley,* 269 Ga. 82, 495 S.E.2d 39 (1998). Generally, to toll the statute of limitations on account of fraud by a defendant, a plaintiff must demonstrate "actual fraud involving moral turpitude …." *Miller v. Kitchens,* 251 Ga. App. 225, 226, 553 S.E.2d 300, 302 (2001). The Plaintiff's Complaint arguably met this standard. Notwithstanding the allegations of her Complaint, however, the Plaintiff, in her brief in response to the Encore Defendants' Motion for Judgment on the Pleadings, states that "it is unclear if these providers had actual knowledge of that the device was defective." (sic.) (Doc. 22, at 4).

In their reply brief, the Encore Defendants somehow read the Plaintiff's brief to "concede[] that any alleged fraudulent concealment by Plaintiff's treating physician … is not imputable to Encore." (Doc. 25, at 1-2). Although the Plaintiff's pleadings have at

times been less than artful, it is difficult to read the Plaintiff's response brief to make the concession that the Encore Defendants claim.  Perhaps the Encore Defendants mean that the statement that the Plaintiff does not know if her doctors had actual knowledge of the defective knee implant means the Plaintiff cannot establish the actual fraud necessary to toll the statute of limitations.  If this were the Encore Defendants' argument, the Plaintiff could have responded that when a confidential doctor-patient relationship exists, constructive fraud can toll the statute of limitations.  *Kane v. Shoup,* 260 Ga. App. 723, 726, 580 S.E.2d 555, 558 (2003).  However, the Encore Defendants do not have a confidential relationship with the Plaintiff and this raises another interesting question – whether constructive fraud by a party who has a confidential relationship with a plaintiff can toll the statute of limitations with regard to a partner with whom the plaintiff does not enjoy a confidential relationship.  Also, the Court is concerned by the Plaintiff's suggestion in her response brief that she may not have a good faith basis for the allegations she makes in her Complaint.

Accordingly, rather than rule now on whether the Plaintiff has sufficiently pled fraudulent concealment that can be imputed to the Encore Defendants, the Court will allow the Plaintiff to recast, within ten days of this Order, her Complaint to allege the facts upon which she bases her contention, if she intends to stand by it, that the statute of limitations is tolled by fraudulent concealment attributable to the Encore Defendants.  If the Plaintiff stands by this contention and if it later appears the Plaintiff lacks a good faith basis for the allegations in support of this contention, the Court will sanction the Plaintiff's counsel.

The Plaintiff also argues that she can avoid the statute of limitations because of Georgia's discovery rule, citing this Court's (Judge Land, presiding) decision in *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation,* 711 F. Supp. 2d 1348 (M.D. Ga. 2010).  The Encore Defendants attempt to distinguish *In re Mentor* because it "was a multidistrict litigation involving plaintiffs from several jurisdictions" and the parties "agreed that the discovery rule applied to plaintiff's claims."  (Doc. 20-1, at 8).  Both arguments are wholly without merit.  As Judge Land made clear, he applied Georgia law to claims asserted by Georgia plaintiffs.  *In re Mentor*, 711 F. Supp. 2d at 1353 n.1.  The parties did not agree that the discovery rule applied, but rather they agreed on the correct statement of the discovery rule under Georgia law.  *Id.* at 1379.  Moreover, the Encore Defendants ignore Judge Story's recent decision in *Carr v. Ethicon, Inc.,* 2011 WL 4424457 (N.D. Ga. Sept. 20, 2011), specifically holding that the discovery rule applies to product liability actions involving implanted devices.

However, the Encore Defendants correctly point out that the discovery rule applies only to continuing torts, but then incorrectly argue that this means the Plaintiff must allege that they engaged in "continuing tortuous conduct."  (Doc. 20-1, at 8).  The question is not whether the Encore Defendants continued to engage in tortuous conduct.  Rather, the question is whether the Plaintiff continued to suffer injury as the result of exposure to the Encore Defendants' allegedly defective product.  In this regard, the Plaintiff's Complaint sufficiently alleges, barely, that she continued to suffer injury as the result of the implant. (Doc. 1-1, at ¶ 21).  Still, however, the Court questions whether the Plaintiff will actually be able to adduce sufficient evidence to create an issue of fact with regard to whether she sustained a continuing injury, as required by

Georgia law, while the implant remained in her body. Accordingly, the Court will fashion a discovery order that first requires the Parties to conduct discovery on this issue.

### III.     CONCLUSION

Accordingly, the Motion to Remand is **DENIED**, and Trex is **DISMISSED** from the action. The Encore Defendants' Motion for Judgment on the Pleadings is **DENIED**. The remaining motions are **DENIED** as moot.[4]

The Court will allow the Plaintiff ten days to recast her Complaint to allege facts that the statute of limitations is tolled by fraudulent concealment attributable to the Encore Defendants. If the Plaintiff chooses to recast her Complaint and it appears the Plaintiff lacks a good faith basis for this contention, the Court will sanction the Plaintiff's counsel.

**SO ORDERED**, this the 6th day of January, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Motion for Hearing (Doc. 23) is denied as moot because a hearing on these issues was held December 9, 2011.